# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ALBERTO OSUNA SANCHEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL COLLEGIATE ATHLETIC )<br>ASSOCIATION, )<br>)<br>Defendant. ) | Case No.: 3:25-cv-62 |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Comes now Plaintiff Alberto Osuna Sanchez ("Osuna") and, pursuant to Fed. R. Civ. P. 65 and 65.01, moves this honorable Court for a temporary restraining order and preliminary injunction against Defendant the National Collegiate Athletic Association ("NCAA") to restrain and enjoin the NCAA from enforcing NCAA Bylaws 12.8 and 12.02.6 against Osuna to prevent him from playing Division I college baseball in the Spring 2025 season based on his prior participation on a junior college baseball team. Absent such injunctive relief, Osuna will suffer substantial immediate and irreparable harm because he will be unable to compete in the Division I Spring 2025 baseball season. As a result, Osuna will suffer, among other consequences, loss of meaningful name, image and likeness compensation and opportunities uniquely available to Division I athletes, loss of the opportunity to develop his baseball skills under the 2024 National Baseball Coach of the Year and as a member of the 2024 Division I National Champions, loss of the resources, facilities, training, publicity, and exposure provided to Division I athletes who are given a platform to showcase their talents at the highest level, and loss of the opportunity to increase his MLB draft prospects. The need for injunctive relief is immediate because Osuna is

currently a member of the University of Tennessee, Knoxville ("UTK") Division I baseball team, and UTK will be finalizing its roster by midnight on February 13, 2025 and playing its opening game on February 14, 2025.

Additionally, for the temporary and injunctive relief sought by Osuna to be effective, Osuna respectfully requests that the Court also enjoin the NCAA from enforcing Bylaw 12.11.4.2, which essentially permits the NCAA to punishes college athletes who obtain injunctions permitting them to compete in collegiate competition. Pursuant to Bylaw 12.11.4.2, if an athlete who is ineligible to compete is permitted to participate in intercollegiate competition pursuant to a court restraining order or injunction and said injunction is voluntarily vacated, stayed or reversed or otherwise determined to be invalid, the NCAA may punish the athlete and member institution.

In support of his Motion, Osuna relies upon and files contemporaneously herewith his Memorandum of Law in Support of his Motion for Temporary Restraining Order and Preliminary Injunction and the declarations of Osuna, UTK baseball coach Tony Vitello, and Brandon Spurlock, which are attached hereto as **Exhibits 1-3**, respectively.

Wherefore, Osuna respectfully requests that this Court enter an order restraining and enjoining the NCAA from enforcing Bylaws 12.8 and 12.02.6 against Osuna so that Osuna may compete in his fourth season of Division I baseball as a member of the UTK baseball team.

Respectfully submitted this 12th day of February, 2025.

                                          **WOOLF, McCLANE, BRIGHT,**
                                          **ALLEN & CARPENTER, PLLC**

                                          *s/ Chad Hatmaker*
                                          J. Chadwick Hatmaker (BPR # 018693)
                                          Kaitlyn E. Hutcherson (BPR # 035188)
                                          Post Office Box 900
                                          Knoxville, TN 37901
                                          (865) 215-1000
                                          chatmaker@wmbac.com

khutcherson@wmbac.com

*Attorneys for Plaintiff Alberto Osuna Sanchez*

# CERTIFICATION OF PLAINTIFF'S ATTORNEY

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I, J. Chadwick Hatmaker, hereby certify to the Court as follows:

1. I am an attorney licensed to practice in the State of Tennessee and admitted to practice before the U.S. District Court for the Eastern District of Tennessee. My Tennessee Board of Professional Responsibility Number is 018693.

2. I am one of the attorneys representing Plaintiff Alberto Osuna Sanchez in this action.

3. The University of Tennessee, Knoxville ("UTK") submitted a waiver request to the NCAA on behalf of Osuna, requesting that he be deemed eligible to play a fourth year of Division I baseball. The waiver request was submitted on February 3, 2025.

4. As of February 11, 2025, the NCAA had not issued a decision on Osuna's waiver request, nor had it assigned a designated representative to the request.

5. On February 10, 2025, I emailed a Letter of Support to Scott Bearby, NCAA Senior Vice President of Legal Affairs and General Counsel, and Michele Osborne, NCAA Vice President of Eligibility Center, informing the NCAA that I represent Osuna, requesting that the NCAA grant Osuna's waiver request, and putting the NCAA on notice that Osuna would file a lawsuit seeking injunctive relief if the waiver request was denied or not decided in a timely manner.

6. On February 10, 2025, I contacted Jared Tidemann, NCAA Director of Legal Affairs and Senior Counsel of Government Relations and Sports Administration, on his office phone and cell phone in an attempt to discuss Osuna's waiver request. Mr. Tidemann did not answer either number, but I left a voicemail on both identifying myself as Osuna's counsel and reiterating the urgent need for action on Osuna's waiver. I sent Mr. Tidemann an email later that day which attached my Letter of Support and asked him to call me. On February 11, 2025, I left

4

a voicemail for Mr. Bearby. To date no one at the NCAA has responded to any of my communications.

7. UTK starts its baseball season this week. UTK's season opening game is Friday, February 14, 2025. It is my understanding that Coach Vitello will be finalizing the team roster by midnight on Thursday, February 13, 2025.

8. Given the urgency of the matter, Osuna is proceeding with filing the present Motion for Temporary Restraining Order and Preliminary Injunction. Notice of the Motion and a copy of the Complaint and Memorandum of Law in Support of the Motion was emailed to Jared Tidemann on February 12, 2025.

9. No additional notice should be required to the NCAA since, the NCAA is apprised of the situation, and Osuna will suffer immediate and irreparable harm, as shown and supported through specific facts in his Verified Complaint, if his request for a temporary restraining order is not immediately entered.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
J. Chadwick Hatmaker (BPR # 018693)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2025, a true and correct copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/ Chad Hatmaker*
J. Chadwick Hatmaker (BPR # 018693)