UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALBERTO OSUNA SANCHEZ, | ) | |
| *Plaintiff*, | ) | Case No. 3:25-cv-62 |
| v. | ) | Judge Atchley |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) | Magistrate Judge Poplin |
| *Defendant*. | ) | |

# ORDER

The Court denied Plaintiff's motion for a preliminary injunction on March 3, 2025. [Doc. 27]. Plaintiff had thirty days to appeal that order. *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987). He did not appeal. Instead, nearly two months after the Court denied his motion, and nearly one month after his time to appeal expired, Plaintiff filed a motion for reconsideration. [Doc. 36]. Plaintiff also filed a separate motion asking the Court to expedite the briefing schedule on his motion for reconsideration. [Doc. 38].

Plaintiff requests an expedited briefing schedule because "there are only 12 regular season games left in the Spring 2025 baseball season." [*Id.* at 1]. That request falls flat. From the time the Court denied Plaintiff's motion for a preliminary injunction to the time he filed his motion for reconsideration, Tennessee played 33 baseball games—far more than the 12 remaining games Plaintiff points to as grounds to support an expedited briefing schedule. If the winding down of the regular season created the urgency Plaintiff now alleges, he could have moved for reconsideration much earlier in time.

The Court acknowledges that Plaintiff grounds his request for reconsideration largely on a recent decision from the District of New Jersey. [Doc. 36 at 1–2]. In that case, the District of New

Jersey granted preliminary injunctive relief to an athlete similarly situated to Plaintiff. *Elad v. Nat'l Collegiate Athletic Ass'n*, No. 25-1981, 2025 WL 1202014, at *1 (D.N.J. Apr. 25, 2025). That decision, in Plaintiff's view, renders the Court "the outlier." [Doc. 37 at 2]. To characterize the Court as "the outlier" is puzzling. This Court is not the only one to deny preliminary injunctive relief when presented with a challenge to the NCAA's JUCO Rule. Indeed, in its order denying Plaintiff's motion for a preliminary injunction, the Court cited to district court decisions from Kansas and Georgia that likewise denied the plaintiffs' requests for injunctive relief. [Doc. 27 at 6, 13].

Even the *Elad* court, on which Plaintiff relies heavily, acknowledged the split among district courts on this issue. *Elad*, 2025 WL 1202014, at *10. The court noted that "it is difficult to discern which district court will ultimately be proven correct" in light of "the uncertain landscape we now find ourselves in post *Alston* where well-reasoned and intentioned district judges may disagree." *Id.* at *11. These astute observations refute any notion that the Court's decision to deny preliminary injunctive relief renders it "the outlier."

For the time being, the Court will not rule on Plaintiff's motion for reconsideration. Plaintiff's Motion for Expedited Briefing Schedule [Doc. 38], however, is unpersuasive and is hereby **DENIED**. Accordingly, Plaintiff's motion for reconsideration will proceed under the Court's normal briefing schedule, which means that Defendant's response is due on or before May 12, 2025.

    **SO ORDERED.**

<u>/s/ Charles E. Atchley, Jr.</u>
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**