UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALBERTO OSUNA SANCHEZ, | ) | |
| *Plaintiff,* | ) ) ) | Case No. 3:25-cv-62 |
| v. | ) ) | Judge Atchley |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) ) ) | Magistrate Judge Poplin |
| *Defendant.* | ) | |

## ORDER

Motions for reconsideration "should not be used liberally to get a second bite at the apple." *State Farm Mut. Auto. Ins. Co. v. Angelo,* 95 F.4th 419, 435 (6th Cir. 2024). But a second bite at the apple is what Plaintiff seeks through his Motion for Reconsideration [Doc. 36]. Accordingly, for the reasons explained below, Plaintiff's motion will be **DENIED**.

I. **FACTUAL BACKGROUND**

Plaintiff Alberto Osuna Sanchez played four full seasons of college baseball. [Doc. 27 at 2]. His collegiate career included three seasons at a Division I school and one season at a junior college. [*Id.* at 1–2]. Before the 2025 season began, Osuna transferred to the University of Tennessee and sought to play a fifth season of college baseball. [*Id.* at 3]. The NCAA's eligibility bylaws posed an obstacle to that plan. Specifically, NCAA Bylaw 12.02.6 (the "JUCO Rule") provides that an athlete's time spent competing at a junior college counts against his four years of Division I eligibility. [*Id.* at 2]. Osuna's three Division I seasons and one junior college season thus combined to exhaust his eligibility. [*Id.*].

Believing that the JUCO Rule unlawfully restricts competition, Osuna filed this lawsuit and asked the Court to invalidate the JUCO Rule under Section 1 of the Sherman Antitrust Act.

[Doc. 1 at 20]. The Court denied Plaintiff's motions that sought a temporary restraining order and preliminary injunction. [Docs. 15, 27]. In its order denying Plaintiff's request for a preliminary injunction, the Court held that the limited record failed to establish that the JUCO Rule has substantial anticompetitive effects. [Doc. 27 at 5]. Plaintiff did not appeal that ruling. Instead, nearly two months after the Court denied his motion, and nearly one month after his time to appeal expired, Plaintiff filed a motion for reconsideration. [Doc. 36]. That motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Courts will generally reconsider interlocutory orders under three circumstances: (1) an intervening change of controlling law; (2) availability of new evidence; and (3) to correct a clear error or to prevent manifest injustice. *Id.* Motions for reconsideration do not allow parties to "re-argue a case" and hope that the district court will change its mind. *Angelo*, 95 F.4th at 435.

## III. ANALYSIS

Plaintiff advances two primary arguments to support his motion for reconsideration. First, Plaintiff contends that his inability to play baseball results in manifest injustice. This manifest injustice is evident, Plaintiff posits, because a district court in New Jersey recently granted injunctive relief to an athlete who also challenged the JUCO Rule. [Doc. 37 at 2]. Second, Plaintiff asserts that the Court committed clear error in its application of the preliminary injunction factors. He suggests that he did not need to establish a "strong" likelihood of success on his claim given his showing of irreparable harm. [Doc. 45 at 6]. The Court will address each argument below.

### A. The *Elad* Decision

Plaintiff's motion for reconsideration relies heavily on the District of New Jersey's recent decision in *Elad v. National Collegiate Athletic Association*. He argues that *Elad* compels the Court to reverse its decision denying injunctive relief. Not so. Despite asking the Court to "follow the precedent set by *Elad* and *Pavia*," the Court will not reverse its earlier decision simply because some district courts have reached different conclusions.

The Court begins with a word on "precedent." Precedent can be binding or persuasive. Binding precedent comes from the Supreme Court and the Sixth Circuit. Persuasive precedent, on the other hand, comes from all other courts, such as the District of New Jersey. The Court can look to persuasive precedent for guidance, but the Court is not obligated to follow it. *Elad* and *Pavia*, by definition, constitute persuasive precedent.

Although *Elad* and *Pavia* are not binding on the Court, Plaintiff argues that those decisions—in granting eligibility to those two athletes—render his denial of eligibility a manifest injustice. Those athletes should not be able to compete while he remains sidelined, so the argument goes. Plaintiff conflates manifest injustice with personal disagreements. Courts have defined "manifest injustice" not in terms of a party's personal disagreement with a court order, but rather as "an error in the trial court that is direct, obvious, and observable." *Tenn. Protection & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004); *Bluewater Music Servs. Corp. v. Spotify USA Inc.*, No. 3:17-cv-01051, 2019 WL 6894518, at *3 (M.D. Tenn. Mar. 25, 2019).

That two other district courts granted injunctive relief under similar circumstances does not render the Court's decision to deny injunctive relief a "direct, obvious, and observable" error. It is axiomatic that one district court's disagreement with another district court's decision does not constitute an error, let alone an obvious one. If that were the case, then the *Elad* court's decision

to disagree with this Court's ruling would likewise result in manifest injustice. That cannot be the case. District courts can and often do reach opposite conclusions when confronted with similar issues, and appellate courts exist to resolve those disagreements.

The *Elad* court acknowledged these realities. It noted the "divergence of opinions at the district court level" on challenges to the JUCO Rule and observed that "it is difficult to discern which district court will ultimately be proven correct." *Elad v. Nat'l Collegiate Athletic Ass'n*, No. 25-1981, 2025 WL 1202014, at *11 (D.N.J. Apr. 25, 2025). The split in authority is unsurprising when considering "the uncertain landscape" that underlies this area of the law. *Id.* *Elad* and *Pavia* did grant preliminary injunctive relief, but this Court and others have reached the opposite conclusion. *Brzovic v. Nat'l Collegiate Athletic Ass'n*, No. 2:25-cv-2885, 2025 WL 1370758, at *1 (D.S.C. May 11, 2025) (denying preliminary injunction in challenge to the NCAA's Five-Year Rule); *Goldstein v. Nat'l Collegiate Athletic Ass'n*, No. 3:25-cv-27, 2025 WL 662809, at *6–7 (denying preliminary injunction in challenge to the JUCO Rule). Ultimately, until the Sixth Circuit or Supreme Court decides this issue, the Court's decision to deny Plaintiff's request for injunctive relief does not result in manifest injustice, or an error so "apparent to the point of being indisputable." *Bluewater Music Servs. Corp.*, 2019 WL 6894518, at *3.

### B. Preliminary Injunction Standard

Courts consider four factors when determining whether to issue a preliminary injunction. Those factors include "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Memphis A. Randolph Inst. v. Hargett*, 978 F.3d 378, 385 (6th Cir. 2020). Plaintiff takes issue with the Court's application of the first factor—likelihood of success

on the merits. [Doc. 37 at 10]. Plaintiff contends that because he established a high degree of irreparable harm, he need not show a "strong" likelihood of success on the merits. [*Id.* at 10–11]. This argument essentially asks the Court to rebalance the equities and amounts to a request for "a second bite at the apple." *Angelo*, 95 F.4th at 435.

Plaintiff points to the Sixth Circuit's decision in *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100 (6th Cir. 1982) to argue that the Court erred in requiring him to show a "strong" likelihood of success on the merits to obtain a preliminary injunction. *Friendship Materials* states that a district court, "in its discretion," may grant a preliminary injunction even if the plaintiff fails to establish a strong likelihood of success on the merits, so long as he demonstrates "serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant." *Friendship Materials*, 679 F.2d at 105. By its own terms, *Friendship Materials* permits, but does not require, a district court to grant a preliminary injunction in such circumstances. It is difficult to imagine how the Court's exercise of discretion in this context could amount to clear error.

Even if requiring a "strong" likelihood of success posed problems under *Friendship Materials*, the Supreme Court has held that "[a] plaintiff seeking a preliminary injunction must establish that he is *likely* to succeed on the merits." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). The term "likely" implicates notions of probability and foreseeability. Because a plaintiff must show that he is "likely" to succeed on the merits, the Sixth Circuit has predictably observed that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). A factual dispute may get a plaintiff past summary judgment, but demonstrating "likely" success on the merits requires more. *Id.*

5

Just last year, the Supreme Court spoke to the distinguishing nature of the requirement that a plaintiff show he is "likely" to succeed on the merits. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 349–50 (2024). *McKinney* concerned a statute that permits the National Labor Relations Board to seek preliminary injunctions. *Id.* at 342. Some lower courts, in evaluating the Board's requests for preliminary injunctions, applied a "reasonable-cause" standard rather than the traditional four factors that govern preliminary injunction analysis. *Id.* at 344–45. Under the "reasonable-cause" standard, the Board only needed to show that its claim was "substantial and not frivolous" to obtain a preliminary injunction. *Id.* at 344, 349.

The Supreme Court held that nothing in the statute's text supported applying the "reasonable-cause" standard in lieu of the traditional preliminary injunction factors. *Id.* at 345. More importantly, the Supreme Court distinguished between the two standards of review: "There is an obvious difference between having the Board show that it is 'likely' to succeed on the merits and having it show only that its theory of the case is 'substantial and not frivolous.'" *Id.* at 350. The burden to demonstrate "likely" success on the merits is more stringent than the burden to prove that a theory is "substantial and not frivolous." *Id.*

This case law leads the Court to reiterate its earlier holding. That is, Plaintiff has failed, at this stage, to establish that he is "likely" to succeed on the merits of his antitrust claim. Antitrust claims like this one ordinarily require "a fact-specific assessment of market power and market structure." *Nat'l Collegiate Athletic Ass'n v. Alston*, 594 U.S. 69, 81 (2021). The limited record in this case, with brief declarations from two economists, prevents the Court from engaging in that complex analysis and declaring that Plaintiff is "likely" to succeed on the merits. That Plaintiff may have created a factual dispute regarding the JUCO Rule's anticompetitive effects is insufficient to entitle him to a preliminary injunction.

## IV. CONCLUSION

Plaintiff fails to demonstrate that the Court committed clear error or that its denial of injunctive relief has resulted in manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 36] is **DENIED**. Because *Pavia* is pending before the Sixth Circuit, this matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of that appeal. The parties may file a motion to reopen this case within **14 days** of the Sixth Circuit's decision in *Pavia*.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**